**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. CASE NO: 8:26-cr-16-CEH-LSG

DIANA LYNN JOHNSON and
ROGER CHRISOPHER JOHNSON
_________________________________/

**ORDER**

This matter comes before the Court upon Defendant Roger Christopher Johnson's Motion for a Hearing to Determine the Linguistic Competency of the Defendant Pursuant to 18 U.S.C. § 4241 (Doc. 40) and Diana Lynn Johnson's Motion for Linguistic Competency Evaluation (Doc. 44).[1] The Motions ask the Court to appoint an expert to examine Defendants for linguistic competency.

On April 30, 2024, Diana Lynn Johnson and Roger Christopher Johnson were arrested for violations of 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) in a sealed indictment from the United States District Court for the Eastern District of Texas, Tyler Division (6:22-cr-00159-JCB-KNM). Doc. 1. On May 9, 2024, the Eastern District of Texas appointed Assistant Federal Public Defender Kenneth Robert Hawk, II, and Attorney Bobby D. Mims (collectively "Texas Counsel") to represent Diana Lynn Johnson and Roger Christopher Johnson respectively. Texas Counsel met with Defendants in person with the assistance of an

[1] The Government does not oppose either motion. *See* Docs. 43, 49.

American Sign Language ("ASL") interpreter. Texas Counsel performed extensive research concerning litigation involving deaf and hearing-impaired clients, which led to a concern about Defendants' linguistic competency. Accordingly, on June 19, 2025, Texas Counsel filed a Joint Suggestion of Linguistic Incompetence and Request for the Funding of an Expert to Examine the Defendants. On July 7, 2025, the Eastern District of Texas granted the motion.

The linguistic competency evaluation was not completed in Texas, as this case was transferred from the Eastern District of Texas to the Middle District of Florida on January 23, 2026. Doc. 17. On June 16, 2026, the Court held a status conference and ordered Counsel to submit a new motion for a linguistic competency evaluation. Doc. 37.

Counsel for both Defendants assert that communication with Defendants is challenging because both Defendants were born deaf and communicate only in writing or through an ASL interpreter. Counsel believe that Defendants may not understand the trial process with enough competence to stand trial. Counsel seek an ASL expert in linguistics and trial procedures who can conduct an examination for linguistic competence. Counsel for both Defendants move the Court to appoint Dr. Jean Andrews of Beaumont, TX, as an expert to examine the defendants for linguistic competence. Dr. Andrews is a recognized expert in Speech and Hearing Sciences and Linguistics. She has experience in linguistic competency evaluations of deaf litigants and defendants in federal and state courts.

Pursuant to 18 U.S.C. § 4241, the Court finds reason to believe that Defendants Diana Lynn Johnson and Roger Christopher Johnson may not be able to understand the nature and consequences of the proceedings against them or to properly assist in their respective defenses.

Accordingly, it is **ORDERED**:

1. Defendant Roger Christopher Johnson's Motion for a Hearing to Determine the Linguistic Competency of the Defendant Pursuant to 18 U.S.C. § 4241 (Doc. 40) is **GRANTED**.
2. Defendant Diana Lynn Johnson's Motion for Linguistic Competency Evaluation (Doc. 44) is **GRANTED**.
3. Jean F. Andrews, Ph.D., is hereby **APPOINTED** to examine Defendants Roger Christopher Johnson and Diana Lynn Johnson.
4. The aforesaid examination is for the purpose of determining if each defendant is linguistically competent to be able to understand the proceedings against him/her and properly assist in his/her own defense. The criteria to be applied for the purpose of rendering the opinion requested is whether each defendant has sufficient present ability to consult with his/her lawyer with a reasonable degree of rational understanding, and whether each defendant has a rational, as well as factual, understanding of the proceedings against him/her. The report should also include

   a. the person's history and present symptoms,
   b. description of any psychiatric, psychological, medical, or linguistic tests that were employed and their results, and
   c. the examiner's findings.

5. Dr. Andrews shall submit a written report of her findings within 30 days to United States District Judge Charlene Edwards Honeywell, 801 North Florida Avenue, Sam M. Gibbons United States Courthouse, Tampa, FL 33602; with copies mailed to Assistant United States Attorney Courtney Derry, 400 North Tampa Street, Suite 3200, Tampa, FL 33602; defense counsel Patrick N. Leduc, Law Offices of Patrick Leduc, P.A., 4809 E. Busch Blvd. Suite 204, Tampa, FL 33647; and Assistant Federal Public Defender Yamilette Alvarez, 400 North Tampa Street Suite 2700, Tampa, FL 33603.
6. The Clerk shall mail a copy of this Order to Dr. Andrews at 1255 19th Street, Beaumont, TX 77706. Dr. Andrews' telephone number is (409) 351-5216. The statement for Dr. Andrews' services shall be sent to the Office of the United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, FL 33602.

**DONE AND ORDERED** in Tampa, Florida on September 10, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any